UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

NAUTILUS INSURANCE COMPANY, an
Arizona corporation,

        Plaintiff,

-vs-                                            Case No. 5:09-cv-280-Oc-10GRJ

JULIE HOWARD, as Personal
Representative of the Estate of Shanna
Godwin, a Florida estate, SHADDIX
HOLDING COMPANY, INC., a Florida
corporation, SHADDIX MANAGEMENT
COMPANY, INC., a Florida corporation,
MARKET OF MARION, INC., a Florida
corporation, DANIEL A. HOEFLY, a Florida
resident,

        Defendants.
_____

## **O R D E R**

This case is before the Court for consideration of Defendants Shaddix Holding Company, Inc., Shaddix Management, Inc., Markets of Marion, Inc., and Daniel Hoefly's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 4). The Plaintiff has filed a response in opposition (Doc. 5), and the motion is ripe for disposition.[1]

On June 23, 2009, Plaintiff Nautilus Insurance Company ("Nautilus") filed a Complaint seeking a declaratory judgment that a Commercial General Liability Insurance Policy it issued to Defendants Shaddix Holding Co., Inc., Shaddix Management Company,

---

[1] Co-Defendant Julie Howard has not filed a response to the motion.

Inc., Market of Marion, Inc., and its employees, officers and directors (the "Shaddix Defendants") did not create any coverage for the Shaddix Defendants and did not create a duty to indemnify and/or defend the Shaddix Defendants in an underlying state court wrongful death action  (Doc. 1).  Nautilus alleges that the amount of controversy exceeds $75,000, that there is complete diversity of all parties, and that jurisdiction lies in this Court pursuant to 28 U.S.C. § 1332  (Doc. 1, ¶¶ 2-3, 5-6).

In its motion to dismiss, the Shaddix Defendants argue that the amount in controversy does not exceed $75,000, primarily because Nautilus has apparently assessed its potential exposure as no more than $20,000.  The Shaddix Defendants support this argument with a copy of a February 11, 2008 letter from Nautilus to the Shaddix Defendants, in which Nautilus states that it does not believe the underlying state lawsuit has a settlement value up to the $1,000,000 policy limit, opines that there is no liability at all on the part of the Shaddix Defendants, and that Nautilus intends to reiterate a prior settlement offer of $20,000 (Doc. 4, Ex. A).[2]

It is beyond dispute that in order to invoke a federal court's diversity jurisdiction, a plaintiff must claim, among other things, that the amount in controversy exceeds $75,000.

---

[2] The Shaddix Defendants are making a "factual attack" on the Complaint under Fed. R. Civ. P. 12(b)(1).  Such attacks "challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered.'" Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990) (quoting Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980)).  When considering a factual attack to subject matter jurisdiction, the Court is free to weigh the facts and is not constrained to view them in the light most favorable to the plaintiff.  See Carmichael v. Kellogg, Brown & Root Services, Inc., ___ F.3d ___, 2009 WL 1856537, * 4 (11th Cir. June 30, 2009).

28 U.S.C. § 1332. "When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." Cohen v. Office Depot, Inc., 204 F.3d 1069, 1077 (11th Cir. 2000) (citation omitted). Generally, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed.2d 845 (1938). However, where, as here, jurisdiction is based on a claim for indeterminate damages, the Red Cab Co. "legal certainty" test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum. Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003) (citation omitted).

"In an action by an insurance company seeking a court's declaration that it has no duty to defend or indemnify its insurance in an underlying lawsuit, a court examines the following factors to determine the amount in controversy: (1) the coverage limits under the insurance policy; (2) the amount of damages sought in the underlying lawsuit; and (3) the pecuniary value of the obligation to defend the insured in the underlying lawsuit." Dairyland Ins. Co. v. Chadwick, 8:07-cv-2091-T-30MSS, 2008 WL 912428, * 3 (M.D. Fla. Apr. 1, 2008) (quoting Clarendon America Ins. Co. v. Miami River Club, Inc., 417 F. Supp. 2d 1309, 1316 (S.D. Fla. 2006).

Nautilus argues that it has met its burden because: (1) the underlying state court action is for the alleged wrongful death of a newborn baby; (2) the plaintiffs in the

3

underlying state court action have made a settlement demand up to the full policy limit of $1,000,000; and (3) the costs of defending the underlying state court action may well exceed $75,000.

Upon a review of the complaint filed in the underlying lawsuit, which is attached as an exhibit to Nautilus' Complaint (Doc. 1, Ex. B), the Court concludes that Nautilus has shown by a preponderance of the evidence that the monetary value of the underlying state court action from Nautilus' perspective meets the jurisdictional minimum. Nautilus faces potential exposure of up to $1,000,000, and it appears that if the plaintiff in the underlying wrongful death action prevails, the claimed damages will meet or exceed the policy limit. Additionally, in the Court's opinion, Nautilus' costs of defense for the Shaddix Defendants could foreseeably exceed $75,000 in the underlying state court action. The sum of these factors effectively satisfies the jurisdictional threshold of 28 U.S.C. § 1332.

Moreover, the Court is hesitant to interpret Nautilius' settlement offer of $20,000 as a binding assessment of the actual value of the underlying state court claims. Settlement offers, particularly those made during the early stages of litigation, are made for a variety of reasons, many of which have nothing to do with the actual value of a specific claim. Indeed, the Parties in this case are faced with a conflicting settlement offer from the decedent's personal representative in the amount of $1,000,000. Thus, in order to accept the Shaddix Defendants' argument, the Court would have to, without any evidence before it, find the offer of $1,000,000 completely meritless and rely solely on the $20,000 settlement offer. In addition, the Court is unaware of any decisional authority - and the

Shaddix Defendants have not provided any - relying on such settlement offers to dismiss a claim for failure to establish the amount in controversy.

Accordingly, upon due consideration, Defendants Shaddix Holding Company, Inc., Shaddix Management, Inc., Markets of Marion, Inc., and Daniel Hoefly's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 4) is DENIED.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 22nd day of July, 2009.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record